IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 3:22-cr-25 |
| ) | |
| GERALD HOARD, ) | GOVERNMENT'S |
| ) | SENTENCING MEMORANDUM |
| Defendant. ) | |
| ) | |

The United States of America, by and through its undersigned counsel, respectfully submits the following Sentencing Memorandum:

## I. Background and Offense Conduct

Defendant Gerald Hoard (Hoard) has a sexual interest in minor males. He was caught in an FBI on-line investigation when an agent posing as a transgender 14-year old engaged in communications after being contacted by Hoard on-line. Hoard arranged to meet the minor in Iowa for sex. In the process of getting to know the individual (using the name Madison), Hoard sent images of his erect penis to the undercover agent believing the agent was a young transgender male interested in sex.

An indictment charging Hoard with attempted enticement of a minor was returned. In light of Hoard's personal circumstances and the facts of the case, the Government entered a plea agreement with Hoard that resulted in a guilty plea to the far-less-serious offense of transmitting obscene material to a minor. Consequently, Hoard does not face a mandatory minimum sentence and nearly any sentence, up to 10 years in prison, is available to the Court.

Mr. Hoard was arrested on March 16, 2022 and has been in custody since then.

## II. Guidelines

### A. PSR calculations

The probation office calculated the guidelines and found the BOL is 10; there is seven-level increase for intending to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; a two-level increase for using a computer; and a 3-level reduction for accepting responsibility. The Government agrees with these calculations.

This establishes an advisory guideline range of 21 to 27 months in prison.

### B. The seven-level increase is warranted

There is only one objection to the PSR: the seven-level (as opposed to a five-level) increase for sending images. The facts of this case strongly support the 7-level increase. Hoard sent multiple images of his erect penis to the undercover officer. There is no other rational reason for Hoard to send the images of his penis than to persuade the recipient to engage in sexual activity with him.

## III. Variance

Hoard was caught in an FBI investigation that was attempting to identify individuals willing to exploit minors for sex. Hoard was identified as such a person though he used a website for adults, not minors, and he was not told the age of the purported minor until after they were introduced on-line. Hoard was approached, interviewed, and he confessed when first contacted by law enforcement. He did not have a computer at his residence and he had no contraband images were found on his

cellphone.

Hoard has had a long history of intellectual and behavioral issues. He has done fairly well under supervision from a previous case involving possession of child pornography though he did commit some violations while under supervision for that offense. There is no actual victim in this case though it appears Mr. Hoard would not have hesitated to offend before he was arrested. Hoard has been in custody for several months with no jail violations. He has minimal support locally and some support from extended family out of the area.

### IV.     Government's Recommendation

Title 18, United States Code, Section 3553(a) mandates a sentence that is sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; it must afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  In addition, the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(6).

This is a serious case. Mr. Hoard has a sexual interest in minors. He has issues as it relates to sexual activity and minors. The Government is concerned that Mr. Hoard may not control his illegal urges in the future. It appears he may be easily

manipulated. But, it is not clear that Mr. Hoard or the public will benefit from lengthy incarceration. It appears a downward variance may be appropriate. The Government suggests a sentence involving direct placement to a community corrections facility followed by a long period of supervision where Hoard's actions are monitored, may best serve the essential sentencing considerations.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By: /s/
Clifford R. Cronk III
Assistant United States Attorney
United States Court House
131 East 4th Street, Suite 310
Davenport, IA   61201
Tel: (563) 449-5432
Email: cliff.cronk@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.   I hereby certify that a copy of this document was served on the parties and stand-by or attorney of record by: ECF/ Electronic filing and email.

UNITED STATES ATTORNEY

By: /s/
    Clifford R. Cronk III
    Assistant U. S. Attorney